FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 17 2025
JEFFREY P. ALLSTEADT, CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: Enrique Montano<br><br>Debtor. | A.P Case No. _____ |
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>ENRIQUE MONTANO aka ENRIQUE MONTANO JR.<br><br>*Defendant.* | Ch. 7. Case: 25-11680<br>Honorable Deborah L. Thorne |

## ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523 and 11 U.S.C. § 727

NOW COMES Jorge Alejandro Rojas, Creditor and Plaintiff herein, and brings this adversary proceeding pursuant to 11 U.S.C. §§ 523, 727, and Rules 4004 and 7001 of the Federal Rules of Bankruptcy Procedure, and for his Adversary Complaint Objecting to Discharge of Debt against Defendant, Enrique Montano aka Enrique Montano Jr[1], states as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action to obtain a judgment declaring that the debt of at least $40,431.10 Enrique Montano owes to Plaintiff is non-dischargeable because it resulted from defalcation, embezzlement, larceny, fraud, and/or willful and malicious injury to Plaintiff.

2. In sum, Enrique Montano Sr, the debtor's father, represented to Plaintiff that he was a licensed public adjuster in the course of adjusting a property loss claim for Plaintiff. Enrique Montano

---

[1] Plaintiff includes an alias of Enrique Montano Jr, because his father, Enrique Montano aka Enrique Montano Sr, is involved in the underlying judgment whose discharge is being objected to. References to Enrique Montano are that of the debtor.

1

Sr was not a licensed adjuster, but was in fact using Enrique Montano Jr's (the debtor here) public adjusting license fraudulently. Enrique Montano Sr held himself out to Plaintiff, Plaintiff's mortgage note holder, Plaintiff's insurance company, and others, as a licensed adjuster, when he was in fact not. Enrique Montano Jr was part of this conspiracy and fraudulent scheme, and knew his father was using his license for this illegal purpose. Enrique Montano Jr retained money rightfully belonging to Plaintiff and had no intent to provide it to Plaintiff. Enrique Montano Jr continues to do so to this day. Enrique Montano Jr also wrote Plaintiff a fraudulent check. Plaintiff subsequently sued parties including Enrique Montano Jr concerning this fraudulent scheme in the U.S. District Court for the Northern District of Illinois, under 18 U.S.C. § 1962, and a judgment was entered against Enrique Montano Jr for violations of RICO.

## JURISIDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1134, and 11 U.S.C. §§ 523, 727.
4. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1409(a).
5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I), (J). To the extent that this Complaint asserts claims that are not core proceedings, Plaintiff consents to this Court hearing and determining such matters pursuant to 28 U.S.C. § 157(c)(2).

## PARTIES

6. Plaintiff is an individual person within the State of Illinois and resides at 557 Cambridge Way Bolingbrook, IL 60440.
7. Enrique Montano aka Enrique Montano Jr, is an individual residing at 640A Rance Rd Oswego, IL 60543.

## FACTS

8. On July 31, 2025, the above-named debtor, Enrique Montano, has filed with the Court a petition under Chapter 7 of the Bankruptcy Code, Case No. 25-11680.
9. The first date set for the § 341(a) meeting of creditors was August 27, 2025. In re: Enrique Montano, Dkt. 5.
10. The meeting of creditors has been continued four (4) times.

11. The deadline for objecting to discharge is October 27, 2025.
12. This action is commenced within the sixty (60) days of the first date set for the meeting of creditors as prescribed by the Bankruptcy Code.
13. Plaintiff is a creditor of the debtor having a claim totaling at least $40,431.10.
14. On August 23, 2024, Plaintiff filed a lawsuit against several defendants, including the debtor seeking relief, for violations of the RICO Act, 18 U.S.C. § 1962.
15. On December 20, 2024, judgment was entered against defendants, including the debtor, for the wire fraud violations under RICO.
16. The original judgment amount was $40,172.48.
17. The approved taxed costs of the lawsuit, as of this filing, are $1,459.60.
18. To date, $2,631.48 has been paid towards satisfaction of the judgment.
19. The judgment accrues post judgment interest.
20. The RICO action alleged debtor committed wire fraud against the Plaintiff. Specifically, debtor, allowed his father, also named Enrique Montano, to use his public adjuster's license and adjust property claims throughout Chicagoland, including a claim for Plaintiff.
21. There are numerous reports online of Enrique Montano's fraudulent scheme where he has performed these frauds in concert with his father against others. Unfortunately, Plaintiff did not see these reports prior to retaining Enrique Montano to adjust his home insurance property damage claim.
22. The RICO action further alleged that debtor unlawfully retained money owed to Plaintiff and ultimately wrote a bad check to Plaintiff as an intentional fraud.
23. The RICO action alleges that debtor, along with the other defendants in the RICO action, engaged in a fraud against homeowners across this District. Besides misrepresenting their status as public adjusters, they would also take money from the insurance company and not pay the homeowner the amounts they were entitled to.
24. The actions of Enrique Montano Jr qualify under the "willful and malicious injury" discharge exception under 11 U.S.C. § 523(a)(6).
25. Enrique Montano's actions, as alleged in the RICO suit, in which full liability was ultimately determined, demonstrated intent to injure the creditor and Plaintiff.

26. Enrique Montano's intentional and deliberate actions of wire fraud, as alleged in the RICO suit, in which full liability was ultimately determined, constituted willful and malicious injury.
27. The RICO judgment is also not subject to discharge based on 11 U.S.C. § 523(a)(2)(A).
28. 11 U.S.C. § 523(a)(2)(A) excepts debts for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by... actual fraud."
29. Enrique Montano engaged in fraudulent conduct against Plaintiff.
30. Enrique Montano engaged in actual fraud against Plaintiff and obtained money properly belonging to Plaintiff via actual fraud.
31. The actions of Enrique Montano qualify under the "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" discharge exception under 11 U.S.C. § 523(a)(4).
32. Enrique Montano was acting in a fiduciary capacity while purportedly acting as Plaintiff's public adjuster in connection with a home insurance claim.
33. Enrique Montano knowingly retained money belonging to Plaintiff with no intent to return it and ultimately has not returned it despite the RICO action.
34. Enrique Montano has conducted his fraudulent scheme across Chicagoland for years, in concert with his father and their interconnected web of corporate entities that open and shut.
35. Records obtained as part of post-judgment discovery in the RICO action Plaintiff brought against Enrique Montano reveal that Enrique Montano has a pattern and practice of writing dozens, if not hundreds, of bad checks to individuals, including to those individuals who rely on him the most, for property claim adjustment services.
36. Plaintiff seeks to have the debt from the lawsuit which has been reduced to a judgment, deemed non-dischargeable.
37. Plaintiff believes that Enrique Montano's petition includes several fraudulent statements which are an independent basis to deny discharge as they are knowingly and fraudulently made.
38. Among the fraudulent statements that Plaintiff believes are false are that he does not rent a residence, but rent and associated utility expenses are listed.
39. Enrique Montano testified during a citation proceeding shortly before seeking bankruptcy relief that he did not pay rent and does not pay utilities.

4

40. Enrique Montano lists lawsuits by Collection Professionals Inc, Dickinson, Envios Sin Frontera, in his petition, but during the citation conducted shortly prior to seeking relief, stated that he has had no other lawsuits against him.
41. The Dickinson lawsuit disclosed, 2025SC001117 in Kendall County, is also against ABC Roofing Co, which is his father, Montano Sr's company, not Enrique Montano Jr. Montano Jr testified that ABC Roofing is his father's company in the citation hearing.
42. Plaintiff believes Enrique Montano is seeking to claim discharge for some actions that are against his father.
43. Enrique Montano's petition claims one dependent, 10 years old, but on the citation to discover assets in connection with the RICO case, Montano stated he has zero dependents, and copies of purported tax returns also identified no dependents.
44. Enrique Montano's petition lists no business income for the last two (2) calendar years, but is as a public adjuster that includes a commission requirement in his contract. Enrique Montano owns and operates Montanos Adjusting Sevices Inc. Business records obtained from discovery identify that there are in and out transactions from that company.
45. Enrique Montano's petition lists that there are no gifts over $600, but during the citation proceedings in the RICO action, he testified that there were Lululemon purchases as gifts to his girlfriend that totaled over $700, along with many Venmo money transactions to his girlfriend, and other cash withdrawals.
46. Enrique Montano's petition lists no losses to gambling, but there are gambling transactions on his card statements.
47. Enrique Montano's petition does not list accounts such as Robinhood, which Enrique Montano testified during the citation proceedings that he has.
48. Enrique Montano's bankruptcy filing is not a legitimate attempt by the Defendant to obtain a fresh start by bankruptcy law, but instead Defendant's continuing attempt to defraud Plaintiff and other creditors, from pursuing their claims in federal and state court that would disclose the full extent to which Defendant profited, earned compensation, and defrauded creditors of assets that did not belong to him.

**COUNT I – EXCEPTION TO DISCHARGE – DEFALCATION UNDER 11 U.S.C. § 523(a)(4)**

5

49. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.
50. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt is a result of "fraud or defalcation while acting in a fiduciary capacity."
51. Enrique Montano acted as a fiduciary to Plaintiff in the course of being a public adjuster and purportedly adjusting a property loss claim for Plaintiff's home.
52. Plaintiff placed special trust and confidence in Enrique Montano as his public adjuster and Enrique Montano accepted Plaintiff's trust and confidence.
53. Enrique Montano owed a fiduciary duty of loyalty to Plaintiff as his licensed public adjuster.
54. Enrique Montano committed defalcation while acting in his capacity as a fiduciary to Plaintiff including by retaining money belonging to Plaintiff, transferring the money to himself for his own use and benefit to generate income and a profit for himself and others, allowing others to utilize Enrique Montano's public adjuster's license, exercising unauthorized and wrongful assumption of ownership over Plaintiff's property, and more.
55. As a direct and proximate result of Enrique Montano's defalcation, Plaintiff was damaged in the amount of at least $40,431.10.

WHEREFORE, Plaintiff requests that this Court deny the discharge of the debt owed to him by Debtor Enrique Montano due to his defalcation while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4), and any and all other relief this Court deems just, proper, and equitable.

## COUNT II – EXCEPTION TO DISCHARGE – EMBEZZLEMENT UNDER 11 U.S.C. § 523(a)(4)

56. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.
57. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt results from embezzlement, which is defined as fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come.
58. Enrique Montano appropriated money belonging to Plaintiff by depositing it into his bank account(s).

59. Enrique Montano was entrusted with access to this money for the purpose of adjusting Plaintiff's home insurance claim.
60. Enrique Montano fraudulently appropriated this money for his own benefit for purposes other than adjusting Plaintiff's home insurance claim.
61. Enrique Montano did not return Plaintiff's money under the terms of the public adjustment agreement.
62. Enrique Montano had no intent to return any of Plaintiff's money.
63. Ultimately, Enrique Montano provided Plaintiff a fraudulent check because of insufficient funds, knowing that the check did not have sufficient funds, for some of the funds owed to Plaintiff.
64. Enrique Montano had knowledge that his access to Plaintiff's money was devoid of authorization to do with it what he did from Plaintiff.
65. As a result of Enrique Montano's misappropriation of Plaintiff's money, Plaintiff was damaged in the amount of at least $40,431.10.

WHEREFORE, Plaintiff requests that this Court deny the discharge of the debt owed to him by Debtor Enrique Montano due to his embezzlement pursuant to 11 U.S.C. § 523(a)(4), and any and all other relief this Court deems just, proper, and equitable.

## COUNT III – EXCEPTION TO DISCHARGE – LARCENY UNDER 11 U.S.C. § 523(a)(4)

66. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.
67. Under 11 U.S.C. § 523(a)(4), a debt is not dischargeable when such debt results of larceny, which entails a wrongful taking of property from its rightful owner with fraudulent intent to convert such property to one's own use without the owner's consent.
68. Enrique Montano wrongfully took Plaintiff's money without Plaintiff's knowledge or consent.
69. Enrique Montano took Plaintiff's money with fraudulent intent to convert them to his own use along with his father.
70. As a result of Enrique Montano's wrongful taking of Plaintiff's property, Plaintiff was damaged in the amount of at least $40,431.10.

7

WHEREFORE, Plaintiff requests that this Court deny the discharge of the debt owed to him by Debtor Enrique Montano due to larceny pursuant to 11 U.S.C. § 523(a)(4), and any and all other relief this Court deems just, proper, and equitable.

## COUNT IV – EXCEPTION TO DISCHARGE – WILLFUL AND MALICIOUS INJIRY TO ANOTHER ENTITY AND ITS PROPERTY UNDER 11 U.S.C. § 523(a)(6)

71. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.
72. Under 11 U.S.C. § 523(a)(6), a debt is not dischargeable when such debt is a result of "willful and malicious injury by the debtor to another entity or to the property of another entity."
73. Enrique Montano deliberately and intentionally injured Plaintiff by transferring Plaintiff's property to himself and his corporate entity of Montano's Adjusting Sevices Inc, using that money and property for his own benefit to develop business and profits, or for other unlawful purpose, and failing to provide the property rightfully belonging to Plaintiff back to Plaintiff.
74. Enrique Montano retained Plaintiff's money and performed the willful and malicious injury with conscious disregard of his obligations under Illinois law and the terms of the public adjuster's agreement and fiduciary duty owed to Plaintiff without just cause or excuse.
75. Enrique Montano's willful actions against Plaintiff injured Plaintiff.
76. As a result of Enrique Montano's willful and malicious injury against Plaintiff, Plaintiff was damaged in the amount of at least $40,431.10.
77. Based upon the foregoing, Enrique Montano willfully injured Plaintiff within the meaning of 11 U.S.C. § 523(a)(6), and his indebtedness, therefore, is non-dischargeable.
WHEREFORE, Plaintiff requests that this Court deny the discharge of the debt owed to him by Debtor Enrique Montano due to willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6), and any and all other relief this Court deems just, proper, and equitable.

## COUNT V – EXCEPTION TO DISCHARGE – FALSE PRETENSES, FALSE REPRESENTATION, ACTUAL FRAUD UNDER 11 U.S.C. § 523(a)(2)(A)

78. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.

79. Under 11 U.S.C. § 523(a)(2)(A), a debt is not dischargeable when such debt is a result of "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."
80. Enrique Montano's debt to Plaintiff is a result of false pretenses, false representations, and actual fraud.
81. Enrique Montano allowed his father to represent himself to be a public adjuster, using his own license, when he wasn't allowed to do so.
82. Enrique Montano committed actual fraud to Plaintiff when he wrote a bad check to Plaintiff that had insufficient funds.
83. Enrique Montano committed a false representation to Plaintiff when he wrote a bad check to Plaintiff that had insufficient funds.
84. Enrique Montano committed actual fraud, false pretenses, and false representations by holding himself out as a public adjuster to Plaintiff, Plaintiff's mortgage note holder, and Plaintiff's insurance company, claiming that he was a public adjuster and adjusting a particular claim, when he was indeed not.
85. Enrique Montano's willful actions against Plaintiff injured Plaintiff.
86. Enrique Montano's actions were the subject of the RICO lawsuit Plaintiff filed against Enrique Montano, his father, and Enrique Montano's company Montano's Adjusting Sevices.
87. The RICO lawsuit has been reduced to a judgment.
88. As a result of Enrique Montano's false pretenses, false representations, and actual fraud, Plaintiff was damaged in the amount of at least $40,431.10.
89. Based upon the foregoing, Enrique Montano made false pretenses, false representations, and actual fraud, and under 11 U.S.C. § 523(a)(2)(A), and his indebtedness, therefore, is non-dischargeable.

WHEREFORE, Plaintiff requests that this Court deny the discharge of the debt owed to him by Debtor Enrique Montano due to false pretenses, a false representation, or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A), and any and all other relief this Court deems just, proper, and equitable.

## COUNT VI – OBJECTION TO DISCHARGE – 11 U.S.C. § 727(c)

90. Plaintiff restates, realleges, and incorporates by reference its allegations contained in paragraphs 1-48 as though fully set forth herein.
91. 11 U.S.C. § 727(c) allows a creditor to object to a discharge for a reason under 11 U.S.C. § 727(a).
92. Plaintiff objects to the discharge under 11 U.S.C. § 727(a)(2) for reasons including that Enrique Montano has transferred money to other individuals that are not listed on the petition, for purposes of hindering, delaying, or defrauding a creditor or an officer of the estate.
93. Specifically, but not limited to, Enrique Montano has testified in citation to discover assets in the RICO judgment that he has transferred money to his mother, and that he has also purchased gifts for his girlfriend and transferred money to her. Plaintiff believes this is with the intent to defraud for reasons including that he did not list these events in his petition.
94. Enrique Montano is also claiming he has dependents when he recently claimed in the citation to discover assets in the RICO action he does not.
95. Enrique Montano is listing debts owed by his father to other individuals.
96. Plaintiff also objects to the discharge under 11 U.S.C. § 727(a)(4), specifically making false statements.
97. The basis for this objection is that Enrique Montano's statements in the bankruptcy petition do not align with statements made in the citation to discover asset proceedings, including listing debts that weren't listed in the past, claiming dependents that weren't claimed in the past, and that rent is being paid when statements were recently made that there are no rent payments.
98. Enrique Montano has testified that as a public adjuster he had several additional open contracts and representation agreements with individuals. Those individuals haven't been listed on the bankruptcy petition, and Montano likely owes those individuals money.
99. Enrique Montano's father, Enrique Montano Sr, in a prior bankruptcy filing (20-14690) listed $286,124.28 in unsecured debt which included "individuals who gave the Debtor deposits for roofing services that have not been completed." Dkt. 40. Plaintiff believes a similar situation is occurring here with Montano Jr. Ultimately in the Montano Sr case, discharge was denied, and a one year bar to filing was imposed. Enrique Montano Sr has since gone to prison for homeowners fraud, and was subsequently deported.

100. Discovery in the RICO action post judgment has identified many fraudulent checks written by Enrique Montano to third parties that may have debts owed to them by Enrique Montano which have not been disclosed.

101. Plaintiff, a party in interest, requests the Court order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

WHEREFORE, Plaintiff requests that this Court deny the discharge under 11 U.S.C. § 727(c), and any and all other relief this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: October 17, 2025

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

Form G16

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Jorge Alejandro Rojas | **DEFENDANTS** <br> Enrique Montano aka Enrique Montano Jr |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Pro Se - 557 Cambridge Way Bolingbrook, IL 60440 <br> 424-219-1582 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. § 523(a)(4) (defalcation, embezzlement, larceny), 11 U.S.C. § 523(a)(6) (willful and malicious injury), 11 U.S.C. § 523(a)(2)(A) (false pretenses, false representation, actual fraud), 11 U.S.C. § 727(e) (fraudulent filing)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 17 2025
JEFFREY P. ALLSTEADT, CLERK

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 40,431.10 |

**Other Relief Sought** Determination of non dischargeability of debt

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Enrique Montano | BANKRUPTCY CASE NO. 25-11680 | | |
| DISTRICT IN WHICH CASE IS PENDING Northern District of Illinois | DIVISION OFFICE Eastern | | NAME OF JUDGE Deborah L. Thorne |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE 10/17/2025 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Jorge Alejandro Reyes | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.